**COMMONWEALTH of Pennsylvania**

v.

**Samantha J. McBRYDE, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 2006.

Filed Oct. 11, 2006.

Lucinda C. Glinn, Harrisburg, for appellant.

James P. Barker, Asst. Dist. Atty., Harrisburg, for Com., appellee.

BEFORE: FORD ELLIOTT, P.J., STEVENS and KELLY, JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 This is an appeal from the judgment of sentence following the conviction of the summary traffic offense of restrictions on use of limited access highways, 75 Pa. C.S.A. § 3313(d)(2). This offense prohibits driving a motor vehicle weighing in excess

of 10,000 pounds in the left-hand lane of a limited access highway with three or more lanes traveling in the same direction. On May 19, 2005, before a magisterial district judge, Samantha J. McBryde was found guilty of the summary traffic violation. Thereafter, she filed a summary appeal to the Dauphin County Court of Common Pleas. Following a trial *de novo* before the Honorable Bruce F. Bratton, appellant was again found guilty of this offense. A timely appeal to this court was filed. After careful consideration, we affirm.

¶ 2 The facts, as found by the trial court, are as follows:

> On April 13, 2005, Trooper Thomas Malloy of the Pennsylvania State Police was stationed at a stretch of Interstate 81, a limited access highway, in Susquehanna Township, Dauphin County, monitoring any speed or other violations. [Appellant] was operating a tractor-trailer northbound on Interstate 81. Trooper Malloy was notified from another trooper stationed slightly south of his location that [appellant] was traveling at a speed above the posted speed limit. Trooper Malloy observed [appellant's] vehicle pass his location, at which time, the tractor-trailer was in the left-hand lane of the three lanes of northbound Interstate 81. At approximately 10:15 a.m., Trooper Malloy initiated a traffic stop of [appellant's] vehicle. Trooper Malloy conducted a vehicle registration search which revealed that the gross vehicle weight of [appellant's] truck was 80,000 pounds. Since [appellant] was operating a vehicle in excess of 10,000 pounds in the left-hand lane of a limited access highway of at least three lanes in one direction, Trooper Malloy cited [appellant] for a violation of 75 Pa.C.S. § 3313(d)(2).

Trial court opinion, 12/14/05 at 1–2.

¶ 3 Appellant argues that the evidence was insufficient to sustain her conviction.

When considering a challenge to the sufficiency of the evidence, this court must view the evidence presented in a light most favorable to the Commonwealth, the verdict winner, and draw all reasonable inferences therefrom. *Commonwealth v. Ketterer*, 725 A.2d 801, 803 (Pa.Super.1999). We must then determine whether the evidence was sufficient to permit the fact-finder to conclude that all of the elements of the crimes charged were proven beyond a reasonable doubt. *Id.* Any question of doubt is for the fact-finder, unless the evidence is so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances. *Id.* at 804.

> The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. George*, 705 A.2d 916, 918 (Pa.Super.1998), *appeal denied*, 555 Pa. 740, 725 A.2d 1218 (1998), quoting *Commonwealth v. Valette*, 531 Pa. 384, 388, 613 A.2d 548, 549 (1992) (citations and quotation marks omitted).

¶ 4 Appellant claims that Section 3313 requires a traffic control device be maintained on the three-lane, limited-access portion of Interstate 81 to advise drivers of the restriction on use of certain lanes by certain vehicles. It is undisputed that Interstate 81 did not have a traffic control device posted indicating any restrictions or prohibitions for travel.

(Notes of testimony, 10/6/05 at 11–12; trial court opinion, 12/14/05 at 3 n. 4.) Without such a posting, appellant claims the trial court erred in finding her guilty of the violation when she was not properly afforded notice of the restriction.

¶ 5 The parties have not cited and we have been unable to discover any legislative history regarding the statute in question. We are thus presented with a preliminary issue of statutory interpretation. Statutory interpretation is an issue of law over which we exercise plenary review. *Commonwealth v. Magliocco,* 584 Pa. 244, 247, 883 A.2d 479, 481 (2005); *see also Commonwealth v. Dellisanti,* 583 Pa. 106, 112 n. 8, 876 A.2d 366, 369 n. 8 (2005) (recognizing that what this court had treated as an issue of sufficiency actually presented a question of statutory construction).

¶ 6 In interpreting a statute, we are guided by the Statutory Construction Act, 1 Pa.C.S.A. § 101 *et seq.* Section 1921 of the Statutory Construction Act provides that "[w]hen words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Thus, if the language of a statute is clear and unambiguous, a court must read its provisions in accordance with their plain meaning and common usage. *Commonwealth v. Becker,* 366 Pa.Super. 54, 530 A.2d 888, 890 (1987) (*en banc* ). Additionally, we note: "It is axiomatic that in interpreting a statute we may presume that the legislature did not intend an absurd or unreasonable result. We may therefore examine the practical consequences of a particular interpretation." *Commonwealth v. Davis,* 799 A.2d 860, 870 (Pa.Super.2002) (internal citations and quotation marks omitted).

¶ 7 Section 3313 of the Pennsylvania Motor Vehicle Code provides, in relevant part:

Restrictions on use of limited access highways

(a) General rule.—**The department** may regulate or prohibit the use of any limited access highway by any class or kind of traffic which is found to be incompatible with the normal and safe movement of traffic.

(b) Traffic-control devices at entrances.—**The department**, when adopting any prohibition under this section, shall erect and maintain official traffic-control devices at the entrances to the limited access highway on which the prohibitions are applicable and when in place no person shall disobey the restrictions stated on the devices.

. . . .

(d) Driving in right lane.—

(1) Except as provided in paragraph (2) and unless otherwise posted, upon all limited access highways having two or more lanes for traffic moving in the same direction, all vehicles shall be driven in the right-hand lanes when available for traffic except when any of the following conditions exist:

(i) When overtaking and passing another vehicle proceeding in the same direction.

(ii) When traveling at a speed greater than the traffic flow.

(iii) When moving left to allow traffic to merge.

(iv) When preparing for a left turn at an intersection, exit or into a private road or driveway when such left turn is legally permitted.

(2) **Unless otherwise posted**, no vehicle or combination over 10,000 pounds may be driven in the left-hand lane of a limited access highway having three or more lanes for traffic moving in the same direction except when preparing for a left turn at an intersection, an exit or into a private road or driveway when such left turn is legally permitted.

75 Pa.C.S.A. § 3313 (emphasis added).

¶ 8 Here, we are called upon to interpret two apparently conflicting sub-sections of the Motor Vehicle Code, 75 Pa.C.S.A. § 3313(b) and (d)(2). Subsection (d)(2) includes the phrase "unless otherwise posted," which appears to be in contrast with Subsection (b), which charges the Department of Transportation ("the department") with the duty to erect and maintain traffic-control devices at entrances to the limited access highway when adopting any prohibition under Section 3313.

¶ 9 The Commonwealth argues, and we agree, that subsection (d) is a legislative determination and notice is presumed. The traffic-control devices required under subsection (b) are required when the department chooses to adopt any prohibition under the section and regulate the roadways in a manner not codified by the legislature.

> Plainly, subsection (b) is referring to the discretionary powers given to the department in subsection (a), which provides that '[t]he department may regulate or prohibit the use of any limited access highway by any class or kind of traffic which is found to be incompatible with the normal and safe movement of traffic.'

Commonwealth's brief at 7. Both subsection (a) and (b) indicate that if **the department** exercises its discretionary powers under subsection (a), than it is bound by the notice requirements in subsection (b).

¶ 10 In contrast, subsection (d) does not reference the department at all. Subsection (d) proscribes traffic offenses adopted by the legislature which are offenses that are absolutely prohibited and not within the discretion of the department. Nothing in subsection (b) requires the erection of traffic control devices to provide notice of legislative enactments. Thus, the notice requirements of subsection (b) do not apply to subsection (d).

¶ 11 The trial court found: "The plain meaning of Section 3313(d)(2), through its introductory phrase, creates an absolute prohibition. A vehicle over 10,-000 pounds cannot drive in the left-hand lane of a three lane, limited access highway unless otherwise posted." (Trial court opinion, 12/14/05 at 3 (footnote omitted).) We cite the well-known legal maxim that everyone is presumed to know the law; an out-of-state driver is not absolved from following the laws of this Commonwealth or any other state in which he or she chooses to drive. *See In re Kearney,* 136 Pa.Super. 78, 7 A.2d 159 (1939) (ignorance of the law is no excuse).

¶ 12 Thus, we also find no merit to appellant's second issue, wherein she claims that the trial court erred in relying upon an "unsubstantiated supposition that commercial truck drivers are advised that all interstate travel upon any interstate highway that becomes a three-lane highway during the course of travel must be limited to the right two lanes ..." (Appellant's brief at 19.) Again, we cannot find the evidence insufficient because appellant was ignorant of the statute.

¶ 13 Again, the legislature, not the department, enacted the restriction at issue, and there is no requirement that a traffic device be erected. We find no error in the

trial court's finding that the evidence was sufficient to sustain the conviction.

¶ 14 Judgment of sentence affirmed.