COMMONWEALTH of Pennsylvania,
Appellant

v.

Khalid Quaid BARNES.

Superior Court of Pennsylvania.

Submitted Aug. 23, 2010.

Filed Feb. 3, 2011.

Paul J. Petcavage, Assistant District Attorney, Williamsport, for Commonwealth, appellant.

Nicole J. Spring, Public Defender, Williamsport, for appellee.

BEFORE: FORD ELLIOTT, P.J., MUNDY and COLVILLE,* JJ.

OPINION BY FORD ELLIOTT, P.J.:

This is an appeal by the Commonwealth from an order granting appellee's motion for *habeas corpus* relief. We affirm.

On July 2, 2009, at approximately 4:38 p.m., Officer Dustin Reeder of the Williamsport Bureau of Police made a traffic stop of a silver Pontiac sedan on the 700 block of West Edwin Street. According to Officer Reeder, the traffic stop was effectuated because the vehicle in question had "multiple air fresheners hanging from the rear view mirror." (Notes of testimony, 9/22/09 at 3.) Thus, ostensibly, the vehicle was stopped for a violation of 75 Pa. C.S.A. § 4524(c).[1] Because the vehicle was in an area of town considered to be a "high crime area," and for purposes of safety, Officer Reeder asked the two occupants for their identification. Seated in the passenger seat was a male who, when asked for identification, told Officer Reeder that his name was "Troy Anderson" with a date of birth ("DOB") of June 11, 1986.[2]

When Officer Reeder did a computer check of that name and DOB, the search came back with no record found. When Officer Reeder returned to the vehicle and inquired of the male, the man replied that he had a Pennsylvania ID card but did not have it with him at that time. Officer Reeder again asked the male his name and DOB and requested him to spell his name. The man again replied "Troy Anderson" but gave a different DOB of June 23, 1986. When run through the computer, this information also returned no record. Officer Reeder returned to the vehicle and informed the male that he was the subject of an "official investigation." (*Id.* at 6.) The man provided the same name and DOB as he had done on the second inquiry.

At this point, the man was placed under arrest and subjected to a search. During that search, a small clear glass bottle, which appeared to contain the remnants of a brown, leafy substance, was found. When queried about the bottle, the male told Officer Reeder that it was used for smoking "wet." [3] The subject was then placed under arrest and later positively identified as Khalid Quaid Barnes, appellee herein.

Appellee was subsequently charged with false identification to law enforcement authorities, 18 Pa.C.S.A. § 4914, and possession of drug paraphernalia. A preliminary hearing was held on September 22, 2009,

---

* Retired Senior Judge assigned to the Superior Court.

1. This section provides:

 § 4524. **Windshield obstructions and wipers**

 (c) **Other obstruction.**—No person shall drive any motor vehicle with any object or material hung from the inside rearview mirror or otherwise hung, placed or attached in such a position as to materially obstruct, obscure or impair the driver's vision

 through the front windshield or any manner as to constitute a safety hazard.
 75 Pa.C.S.A. § 4524(c).

2. The car was driven by a female with the last name of "Danes." (Notes of testimony, 9/22/09 at 9.)

3. The term "wet" is the street slang name for marijuana, or another smokeable substance, that has been laced or dipped in either, or both, PCP or embalming fluid. *See* http://www.noslang.com/drugs/dictionary/w

after which the charges were bound over to court. Appellee responded by filing a motion for *habeas corpus* relief/motion to dismiss the charge of false identification to law enforcement authorities. A hearing was held on December 10, 2009, in which the transcript from the preliminary hearing was incorporated and argument was held. On December 15, 2009, the court, by the Honorable Kenneth D. Brown, President Judge, granted appellee's motion and dismissed the charge.

The present, timely appeal followed wherein the Commonwealth has set forth three issues in its statement of the questions involved:

1. Can a passenger who, not the subject of an initial traffic stop investigation, provide a false name to the police, then become the subject of a separate official police investigation subject to charges under 18 Pa. C.S.A. § 4914[?]

2. Does a passenger in a vehicle, stopped for a legitimate traffic code violation in a high crime area of the city, also become a subject of "that" police investigation, and become subject to being charged under 18 Pa.C.S.A. § 4914 after repeatedly giving a false name to the officer[?]

3. Did the trial Court err in granting Defendant's Motion for Habeas Corpus, dismissing the charge of False Identification to Law Enforcement, where Defendant, the subject of an official police investigation repeatedly provided false names to the officer[?]

Commonwealth's brief at 6.

■■■ Although the Commonwealth sets forth three separate issues, the argument section of its brief is simply one,

perhaps multi-faceted, argument wherein it is contended that the court erred in granting appellee's motion for *habeas corpus* relief in the form of a motion to dismiss.[4] First, we note that:

> Our scope of review is limited to deciding whether a *prima facie* case was established.... [T]he Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury.

> When deciding whether a *prima facie* case was established, we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could support a guilty verdict. The standard clearly does not require that the Commonwealth prove the accused's guilt beyond a reasonable doubt at this stage.

*Commonwealth v. James*, 863 A.2d 1179, 1182 (Pa.Super.2004) (*en banc*) (internal citations omitted).

■■■ The subject offense, false identification to law enforcement authorities, is defined thusly:

> § 4914. False identification to law enforcement authorities

> (a) **Offense defined.**—A person commits an offense if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person

---

4. We note that the rules of appellate procedure provide that "the argument should be divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a).

is the subject of an official investigation of a violation of law.

18 Pa.C.S.A. § 4914(a).

Following a decision by Judge Dudley N. Anderson of Court of Common Pleas of Lycoming County, issued in *Commonwealth v. Summers*, No. Cr–975–2007 (Lycoming County, filed September 6, 2007), the court granted appellee's ***habeas corpus*** motion concluding that the subject-of-an-official-investigation-of-a-violation-of-law element cannot be met by being "under investigation" for providing false identification during the questioning preceding the issuance of the warning. We agree with this interpretation of 18 Pa.C.S.A. § 4914.

 Literally read, the statute in question does not make it illegal to provide to a law enforcement authority false information as to one's identity unless and until one is first apprised that he is the subject of an official investigation of a violation of law. If one provides false information as to his identity prior to that point, he has not violated the statute. Thus, any investigation centered solely upon the providing of false information as to one's identity would not be an investigation of a violation of law. It might be an "investigation" in the eyes of the law enforcement officer, perhaps even an "official" investigation in that it is being conducted by a police officer in the course of his duties. However, the investigation would not be an investigation of a violation of law as contemplated by the statute. Viewed in this fashion, the court's interpretation of Section 4914 is simply a logical application of the literal wording of the statute; that is, the official investigation element cannot be satisfied solely by an investigation of the individual's providing false information as to his identity.

In its first argument on appeal, the Commonwealth appears to suggest that appellee became the subject of an "official investigation" prior to providing the false name/DOB occasioning his arrest. However, in so arguing, the Commonwealth seemingly ignores the language "of a violation of law." *See* 18 Pa.C.S.A. § 4914(a). In this portion of its argument, the Commonwealth points to no suspected violation of law that was being investigated when appellee provided a false name. Thus, the Commonwealth ostensibly argues that Section 4914 is implicated as long as the police are investigating a matter and then provide the proper notice to the person being questioned. However, to apply Section 4914 in such a fashion would greatly expand the scope of the offense in question, as well as ignore the explicit language of the statute.

The Commonwealth further suggests that the circumstances surrounding the traffic stop provided Officer Reeder grounds for an official investigation for a violation of law. The Commonwealth cites the presence of the air fresheners, which are recognized as useful in masking the odor of narcotics, the high crime area, and the fact that neither the driver nor appellee could produce any actual identification. Assuming, for purposes of this discussion, that the circumstances of the stop provided grounds for an investigative detention, we would agree that the statute would be violated by the provision of false information after being provided proper notice. However, the stumbling block to the Commonwealth's argument is Officer Reeder's admission that the investigation he referenced in notifying appellee that he was now the subject of an official investigation was the failure to provide truthful information. Officer Reeder was asked, "So your official investigation was involving that he was giving you a false name?" (Notes of testimony, 9/22/09 at 10.) To this question, Officer Reeder replied, "Yes, after

the second time."(*Id.*)[5] Going back to our initial point of discussion, if appellee was not yet under official investigation for a violation of law when asked for his name and DOB, the provision of false information was not a violation of law. Thus, that failure to provide true information cannot constitute the basis for the official investigation of a violation of law. Officer Reeder may very well have been investigating appellee's provision of false information regarding his identity; however, such investigation was not for a violation of law pursuant to Section 4914.

The Commonwealth also presents what could be termed a hybrid policy/legal argument. The Commonwealth contends that "given the officer was alone, and the stop was done in a noted high crime area of the City, and as noted numerous air fresheners were present, the situation require [sic] for heightened responsibility on the part of the individual to answer the officer truthfully." (Commonwealth's brief at 15–16.) The Commonwealth, however, cites no legal basis for the "heightened responsibility" of a citizen to provide truthful information to a police officer outside of the parameters set forth in Section 4914. We note that 75 Pa.C.S.A. § 6308 imposes a duty upon the operator of a motor vehicle to produce a driver's license upon request of a police officer when the officer has a reasonable belief that a violation of the Vehicle Code has taken place. Howev-

er, as appellee was a passenger, this section would not apply to him.

■ Similarly, we note that under Fourth Amendment law, unless the stop was accompanied by reasonable suspicion that appellee was in violation of the law or that criminal activity was afoot, the interaction between appellee and Officer Reeder was a "mere encounter" and imposed no duty upon appellee to even interact with Officer Reeder.[6] While we do not condone the providing of false identification information to police officers, applying Section 4914 in the fashion proffered by the Commonwealth would, in effect, impose a criminal liability on anyone for failing to provide truthful information as to his/her identity anytime a police officer asked, regardless of the basis for the request or the level of suspicion accompanying the request. Not only would such an obligation seemingly contradict the explicit language of the statute, it would seemingly contravene accepted Fourth Amendment jurisprudence.

Order affirmed.

---

5. We note that Officer Reeder was not subjected to redirect examination as to whether there were multiple purposes of the official investigation, *i.e.*, whether in addition to being investigated for providing a false ID, appellee was also the subject of an investigation as to suspected drug trafficking.

6. A mere encounter need not be supported by any level of suspicion, and does not require a person to stop or respond. *Commonwealth v. Polo*, 563 Pa. 218, 224, 759 A.2d 372, 375 (2000). Earlier, in similar fashion, we stated:

We find that ... the police lacked the reasonable suspicion required to continue up the private driveway and conduct an investigative stop of Beattie.... Inasmuch as the officers had no authority to compel Beattie to answer their inquiries, Beattie's conviction for disorderly conduct, which was the result of his refusal to answer, must be reversed.

*Commonwealth v. Beattie*, 411 Pa.Super. 177, 601 A.2d 297, 301 (1991).