J-S40003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MAURICE SHOATZ | |
| Appellant | No. 2558 EDA 2014 |

Appeal from the Judgment of Sentence August 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007113-2012

BEFORE: BOWES, MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 15, 2016**

Maurce Shoatz appeals *pro se* from the judgment of sentence of six and one-half to fifteen years incarceration imposed after a jury found him guilty of possession of a firearm by a prohibited person, firearms not to be carried without a license, and possession of a controlled substance. The trial court deemed all issues waived due to Appellant's failure to properly file a Pa.R.A.P. 1925(b) statement. We affirm.

The facts of this case are as follows. On April 22, 2012, at approximately 9:50 p.m., Officer Timothy Dunne of the Philadelphia Police Department observed a black Chevrolet Tahoe vehicle double-parked. This vehicle bore a license plate with the label "indigenous native," which the officer knew to be fraudulent and indicative of the "sovereign citizen"

movement. Shortly thereafter, Appellant exited a nearby store, entered the vehicle, and drove away.

Officer Dunne initiated a traffic stop and approached the driver's side, while his partner approached the passenger side. The vehicle was occupied by Appellant and two passengers. The windows were tinted, Appellant did not roll down the windows, and the officer could not observe his hands. When Officer Dunne opened the door of the vehicle, Appellant immediately handed over a card bearing the name "Banu Tallahassiy, Native American." After handing over this document, Appellant reached for his waistband. Appellant complied with the officer's order to place his hands on the steering wheel, but again reached for his waistband after telling Officer Dunne he would retrieve the vehicle's registration. Fearing Appellant was reaching for a weapon, Officer Dunne patted down the area where Appellant was reaching and immediately felt a firearm.

Officer Dunne removed Appellant from the vehicle and placed him in handcuffs. Appellant was asked if there were any more firearms and he stated there was a second gun in the car. Officer Dunne then retrieved a second firearm. A search incident to arrest yielded a quantity of the drug PCP.

On June 15, 2012, Appellant was charged with, *inter alia*, the aforementioned crimes. On November 2, 2012, a counseled motion to suppress was filed. The trial court denied the motion after a March 4, 2013

evidentiary hearing. The court additionally held multiple hearings for Appellant's Rule 600 motions seeking nominal bond.[1] These motions were denied. On April 7, 2014, the jury returned its verdict. Appellant was sentenced and timely post-sentence motions were denied.

A timely notice of appeal was docketed on September 2, 2014, which indicated Appellant's desire to proceed *pro se*. On December 2, 2014, we remanded for a ***Grazier***[2] hearing. On June 3, 2015, the trial court entered an order finding Appellant validly waived his right to counsel. The court thereafter ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On July 7, 2015, the trial court's chambers timely received Appellant's Rule 1925(b) statement, which raised forty-one allegations of error. However, the statement is neither listed on the court docket nor contained in the certified record. On November 6, 2015, the trial court issued its opinion, deeming all issues waived for Appellant's failure to file the 1925(b) statement with the clerk of courts.

---

[1] Two hearings conducted May 5, 2013 and August 6, 2013 have been transcribed. The May transcript refers to hearings on Rule 600 motions conducted on December 20, 2012, and March 12, 2013. These transcripts do not appear in the certified record.

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

The matter is now ready for our review. Appellant filed a brief raising the following issues, which we have renumbered for ease of discussion.

1. Did not the trial judge err in her opinion concerning Appellant filing his 1925(b) statement of errors complained of on appeal?

2. Did the suppression court err in its decision not to suppress all evidence due to probable cause not being established by affidavit of probable cause to legally stop, search and seize appellant?

3. Did not the trial court err in denying Appellant's motion to dismiss pursuant to Pa.R.Crim.P. Rule 600, in that more than 365 days of non-excludable/non-extendable time passed before Appellant was brought to trial, and the Commonwealth was not diligent in bringing Appellant to trial?

4. Did the sentencing court have statutory authority to sentence Appellant?

5. Did the lower court have jurisdiction of the subject matter to try, convict, and sentence appellant?

Appellant's brief at iiii.

We begin with analyzing whether waiver applies. The trial court, citing *Commonwealth v. Butler*, 812 A.2d 631, 634 (Pa. 2002), deemed all issues waived due to Appellant's failure to file the Rule 1925(b) statement with the clerk of courts. Trial Court Opinion, 11/6/15, at 4. In *Commonwealth v. Schofield*, 888 A.2d 771 (Pa. 2005), our Supreme Court reaffirmed the bright-line rule that non-compliance with Rule 1925 results in automatic waiver. The *pro se* defendant therein had mailed the

Rule 1925(b) document to the trial judge[3] but failed to docket the statement with the clerk of courts. *Id*. at 774. We affirmed judgment of sentence after concluding the statement was improperly filed. Our Supreme Court granted review to reconsider *Butler's* rigid rule. The Court ultimately rejected the position that we may review claims even where the trial judge was aware of the issues the litigant intended to raise. "While we acknowledge the equitable appeal of granting relief in this case, we reassert . . . that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." *Id*. at 774. Thus, even if the trial judge had addressed Appellant's issues despite the defect, we could not overlook it. *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) ("Rule 1925(b) sets out a simple bright-line rule . . . courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement[.]").

However, this does not end our inquiry as Rule 1925(c) authorizes us to "remand . . . for a determination as to whether a Statement had been filed and/or served or timely filed and/or served." Appellant's brief challenges the trial court's conclusion that he did not file the statement by

---

[3] The trial judge's opinion did not indicate whether the document was filed in chambers within the applicable time period.

asserting that on June 26, 2015, he placed in the prison mailbox his statement, "addressed to the clerk of court, courtroom of Carolyn Nichols, and Hugh J. Burns, Jr. (District Attorney's office), via first class mail." Appellant's brief at 27. We have reviewed the exhibit attached to Appellant's brief, which is a prison cash slip. Exhibit A to Appellant's brief. It demonstrates Appellant mailed at least two envelopes: One directed to "Clerk of Court, Courtroom of Carolyn Nichols, Criminal Justice Center, 1301 Filbert Street" and the other to the District Attorney's office.[4] This document could arguably demonstrate that Appellant merely served the document upon Judge Nichols' clerk, since the cash slip does not indicate whether Appellant placed two copies of the statement in the mailing sent to Filbert Street. The Commonwealth, on its part, asks us to accept the finding of waiver and states Appellant has correctly filed dozens of documents with the clerk of courts. Commonwealth's brief at 11, n.5. However, this fact could just as easily be cast in Appellant's favor since it establishes he successfully filed documents in the past.

---

[4] Philadelphia County's website lists the address for filing in Criminal Division as the Criminal Justice Center, 1301 Filbert Street. http://www.courts.phila.gov/howdoi/index.asp?search=20. Additionally, the Honorable Carolyn H. Nichols' chambers is in the same building. Thus, Appellant may have sent two copies of the same document to 1301 Filbert Street, expecting the copies to be served upon both offices. The cash slip supports a finding that the statement could have been sent to the clerk of courts.

While Appellant has a tenable claim that he filed his Rule 1925(b) statement, which was not docketed due to a breakdown in the courts, we do not think remand is necessary. We are obliged to review two of the claims as they are non-waivable. With respect to the remaining claims, we believe judicial economy justifies disposing of the claims as no purpose would be served by remand for reasons we shall address *infra*.[5]

We begin with the suppression claim. Appellant does not discuss whether the officer possessed reasonable suspicion justifying the vehicular stop or the subsequent patdown. Rather, he claims the traffic stop was invalid because a neutral magistrate did not approve it. His argument begins, "The suppression court erred in its decision not to suppress all evidence due to probable cause not being established by affidavit of probable cause to legally stop, search and seize Appellant." Appellant's brief at 1 (unnecessary capitalization omitted). He goes on to claim, *inter alia*, the stop was invalid because "[t]he record . . . show[s] that no District Justice ever entered an order issuing process in this matter." Appellant's

_____

[5] We express no opinion as to whether Rule 1925(c)(1) requires this Court, in determining if remand is warranted, to review the underlying merits of Appellant's *pro se* claims such that we may consider the ultimate likelihood of success upon appellate review. Nor do we definitively state Appellant's exhibits constituted compliance with Rule 1925(b).

brief at 3. He urges us to find the reasons for the stop needed to be approved by a neutral judicial body:

> The point of the [F]ourth Amendment which is often not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists [sic] in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer[.]

Appellant's brief at 4. This argument was flatly rejected almost fifty years ago. As the Supreme Court of the United States observed in *Terry v. Ohio*, 392 U.S. 1 (1968):

> If this case involved police conduct subject to the Warrant Clause of the Fourth Amendment, we would have to ascertain whether 'probable cause' existed to justify the search and seizure which took place. However, that is not the case. We do not retreat from our holdings that the police must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure, or that in most instances failure to comply with the warrant requirement can only be excused by exigent circumstances. But we deal here with an entire rubric of police conduct—necessarily swift action predicated upon the on-the-spot observations of the officer on the beat—which historically has not been, and as a practical matter could not be, subjected to the warrant procedure. Instead, the conduct involved in this case must be tested by the Fourth Amendment's general proscription against unreasonable searches and seizures.

*Id*. at 1879 (citations omitted). Appellant makes no argument that the suppression court's ruling is improper in light of the actual law and not the law as he perceives it should be, and it is waived for lack of development. *Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa.Super. 2007) (the

failure to develop an adequate argument in appellate brief may result in waiver). Thus, remand for a hearing is unnecessary.

Next, we address Appellant's argument that the Commonwealth did not timely bring him to trial. Dismissal is required under Rule 600 "when the Commonwealth fails to commence trial within 365 days of the filing of the written complaint, taking into account all excludable time and excusable delay." *Commonwealth v. Goldman*, 70 A.3d 874, 879-80 (Pa.Super. 2013). To determine whether dismissal is required under Rule 600, the starting point is the "mechanical run date," which is calculated by adding 365 days to the date criminal charges were filed. Pa.R.Crim.P. 600(A)(2)(a). Herein, Appellant was charged on April 22, 2012, and the mechanical run date was April 22, 2013. Appellant's trial commenced on April 17, 2014.

We have reviewed the existing transcripts and the motions that appear in the certified record. The Rule 600 motions litigated before the trial court requested Appellant's release on nominal bond. N.T. Rule 600 I, 5/15/13, at 6; N.T. Rule 600 II, 8/6/13, at 4. The trial court granted the motions but revoked bond on public safety grounds. At the August 6th hearing, counsel repeated his request for release on nominal bond and added a claim of complete discharge for violation of Rule 600. The ADA responded, "I have prepared a chart for Your Honor, which has all of the listing dates. And based on my calculations, we are up to 312 days." *Id*. at 7. The defense counsel did not object to this chart, which is not in the certified record, and

again asked for nominal bond. *Id*. at 9. At the conclusion of the hearing, the trial court stated the trial date was within the 365 day limit when factoring in excludable and excusable time. *Id*. at 12. No other transcription appears in the record. Appellant has the duty to ensure the record is complete for purposes of appellate review. ***Commonwealth v. Gonzalez***, 109 A.3d 711, 725 (Pa.Super. 2015).

Appellant's failure to object to the underlying calculations of the excludable time dooms his claims. "One must object to errors, improprieties or irregularities at the earliest possible stage of the criminal . . . adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter." ***Commonwealth v. Strunk***, 953 A.2d 577, 580 (Pa.Super. 2008). Thus, Appellant's failure to object to the submitted time calculations or contest them in any way resulted in waiver. ***See Commonwealth v. Lopez***, 57 A.3d 74, 81-82 (Pa.Super. 2012) (litigant complaining on appeal of admission of evidence in trial court is limited to arguing specific objections lodged at trial). Accordingly, no purpose would be served by remand.

We now turn to the sentencing claim. This claim can be addressed even if the Rule 1925(b) statement was defective. ***Commonwealth v. Watley***, 81 A.3d 108, 118 (Pa.Super. 2013) (legality of sentence questions are non-waivable). According to Appellant, trial judges have largely lacked the ability to incarcerate defendants since 1980. His argument is incoherent

and relies on absurd technicalities. In summary, the argument relies on the fact former Chapter 13 of Title 18 – Crimes and Offenses, was entitled "Authority of Court in Sentencing." However, when this chapter was renumbered and moved from Title 18 to Title 42 in 1980, its new title reads "Sentencing." In turn, Appellant contends a trial court no longer has authority to sentence under Title 18, and the Crimes Code "only serves the objective of defining what activity constitutes each criminal offense . . . since the court could not access the sentencing statutes found in the Crimes Code . . . the court had to stay within the sentencing code." Appellant's brief at 31.[6] Thus, pursuant to 42 Pa.C.S. § 9721(a), the judge could only select the following options:

> **(a) General rule.--**In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
>
> > (1) An order of probation.
> > (2) A determination of guilt without further penalty.
> > (3) Partial confinement.
> > (4) Total confinement.
> > (5) A fine.
> > (6) County intermediate punishment.
> > (7) State intermediate punishment.

---

[6] We take this to mean that, for example, 18 Pa.C.S. § 1103, which generally gives the power to sentence a convicted defendant to imprisonment for felony offenses, is a nullity because the Crimes Code lacks a chapter granting the judge authority to sentence.

Appellant then claims that total confinement cannot justify his sentence of imprisonment, for reasons we cannot comprehend. "A term of 'imprisonment' is merely a punishment that is based solely off of the crime itself. However, a sentence of 'total confinement' is a form of treatment (rehabilitation) that is based off of the results from the Pre-Sentence Investigation (PSI) Report," and not the crime itself." Appellant's brief at 35.

This argument is nonsensical. We have previously noted that "Total confinement and imprisonment are synonyms, as is the word incarceration, which is obvious from the context of § 9721, since it provides for probation, partial confinement, county intermediate punishment and state intermediate punishment." *Commonwealth v. Stultz*, 114 A.3d 865, 884 (Pa.Super. 2015). The judge clearly had the power to impose incarceration. Thus, the sentence is legal.

Finally, we address Appellant's averment that the trial court lacked subject matter jurisdiction due to the charging document's failure to specify an "official, formal and specific accusation of any valid law enacted by the General Assembly of the Commonwealth of Pennsylvania[.]" Appellant's brief at 21. "If there is no valid law charged, there can be no crime committed, and if there is no crime there can be no jurisdiction." *Id*. As with the foregoing sentencing claim, a subject matter jurisdiction challenge cannot be waived. *Commonwealth v. Jones*, 929 A.2d 205, 210 (Pa.

2007) ("The Commonwealth's waiver argument, however, is irrelevant if the underlying challenge to subject matter jurisdiction is meritorious because challenges to subject matter jurisdiction cannot be waived.").

Jurisdiction is purely a question of law and our standard of review is *de novo*. ***Commonwealth v. Seiders***, 11 A.3d 495, 496-97 (Pa.Super. 2010). There are two requirements for subject matter jurisdiction as it relates to criminal defendants: competency of the court to hear the case, and formal and specific notice to the defendant. ***Jones***, ***supra***. Appellant does not contest the former requirement, and it is well-settled that controversies arising from violations of the criminal laws are entrusted to the jurisdiction of the pertinent court of common pleas. ***Commonwealth v. Bethea***, 828 A.2d 1066, 1074 (Pa. 2003). Appellant focuses his attack on the notice requirement. His complaint is that the criminal information referenced Purdon's Pennsylvania Statutes ("Purdon's") as the source of the specific crimes for which he was charged. Appellant argues that, as a result, West Publishing, the publisher of Purdon's, and not the legislature enacted the charged crimes. This claim is meritless. The criminal information herein clearly gave notice to Appellant of a formal and specific accusation of the crimes charged that enabled him to prepare any defenses. ***See Commonwealth v. Little***, 314 A.2d 270, 273 (Pa. 1974). The absurdity of Appellant's argument is obvious when one considers this "error" could be rectified by omitting any reference to Purdon's. This is due to the well-

known legal maxim that everyone is presumed to know the law. ***Commonwealth v. McBryde***, 909 A.2d 835, 838 (Pa.Super. 2006). Obviously, the citation to Purdon's simply "refers directly to sections assigned by the legislature in its official counterpart and not West Publishing Company." ***Stultz***, ***supra*** at 880.

Additionally, on June 7, 2016, Appellant filed two applications with this Court. One seeks allowance of bail pending appeal; the other seeks an immediate hearing on his petition for bail pending appeal. We have no authority to grant bail. ***See*** Pa.R.Crim.P. 521 (bail decisions vested with trial court). The docket shows that Appellant filed an application for bail pending appeal with the trial court on April 8, 2016,. This application has not been acted upon. However, this motion was effectively a motion for reconsideration, as bail was revoked well before verdict. Therefore, he had no continuing right to bail. ***See*** Pa.R.Crim.P. 534 ("**Unless bail is revoked**, a bail bond shall be valid until the full and final disposition of the case, including all avenues of direct appeal to the Supreme Court of Pennsylvania") (emphasis added). We therefore deny the applications.

Appellant's Petition for Allowance of Bail Pending Appeal denied. Appellant's Application for Hearing on Allowance of Bail denied. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016