J-E04001-17

2018 PA Super 52

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLEESIA KITCHEN | : | |
| | : | No. 148 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence December 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006204-2015

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J., SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J., and DUBOW, J.

CONCURRING AND DISSENTING OPINION BY SHOGAN, J.:

**FILED MARCH 09, 2018**

I join that part of the Majority's decision that affirms Tyleesia Kitchen's ("Appellant") judgment of sentence for possession of a controlled substance[1] and possession with intent to deliver a controlled substance.[2]  However, I am constrained to write separately as I discern no error in the trial court's interpretation of 18 Pa.C.S. § 4914(a), providing false identification to law enforcement, or the trial court's conclusion that the evidence was sufficient to

---

[1] 35 P.S. § 780-113(a)(16).

[2] 35 P.S. § 780-113(a)(30).

establish that Appellant violated that statute. Accordingly, I respectfully dissent from that portion of the Majority opinion.

The Majority concludes that Appellant did not have sufficient notice that she was under official investigation at the time she provided Philadelphia Police Officer Thomas Dempsey a false name during the June 2, 2015 traffic stop.[3] Majority Opinion at *6-15. In support of this conclusion, the Majority cites to **Commonwealth v. Barnes**, 14 A.3d 128 (Pa. Super. 2011), and our Supreme Court's pronouncement in **In re D.S.**, 39 A.3d 968 (Pa. 2012), which "resolve[d] any ambiguity left in the wake of our decision in **Barnes**." Majority Opinion at *14. In my view, **Barnes** and **D.S.** are easily distinguishable from the case at bar, and they do not support the Majority's conclusion.

In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. **Commonwealth v. Wise**, 171 A.3d 784, 790 (Pa. Super. 2017) (citation omitted).

> It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and

---

[3] There is no argument or indication in this case that Officer Dempsey unlawfully stopped Appellant's car.

substitute our judgment for that of the fact-finder. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so inconclusive that as a matter of law no probability of fact may be drawn from the circumstances.

*Id.* (internal citations omitted). Additionally, the interpretation of a statute is a pure question of law, our standard of review is *de novo*, and our scope of review is plenary. ***Commonwealth v. Stoppard***, 103 A.3d 120, 123 (Pa. Super. 2014).

In the instant case, Officer Dempsey was in full uniform and driving a marked police vehicle with its lights flashing and siren activated when he conducted a traffic stop under the authority of 75 Pa.C.S. § 6308. N.T., 6/6/15, at 16; N.T., 10/7/15, at 6-7. It was during this lawful traffic stop that Appellant, the driver of the vehicle, provided the officer false identification. Accordingly, both 18 Pa.C.S. § 4914 and 75 Pa.C.S. § 6308 are integral to the analysis, and they must be read *in pari materia*. ***See*** 1 Pa.C.S. § 1932 (statutes are *in pari materia* when they relate to the same persons or things, and statutes *in pari materia* shall be construed together, if possible, as one statute). Moreover, it is presumed that the legislature did not intend an unreasonable or absurd result. 1 Pa.C.S. § 1922(1).

Section 4914 provides, in relevant part, as follows:

**(a) Offense defined.--**A person commits an offense if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law.

- 3 -

18 Pa.C.S. § 4914(a). Section 6308 provides in relevant part as follows:

> **(a) Duty of operator or pedestrian.--**The **operator** of any vehicle or any pedestrian reasonably believed to have violated any provision of this title shall stop upon request or signal of any police officer and shall, upon request, exhibit a registration card, driver's license and information relating to financial responsibility, or other means of identification if a pedestrian or driver of a pedalcycle, and shall write their name in the presence of the police officer if so required for the purpose of establishing identity.
>
> **(b) Authority of police officer.--**Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(a)-(b) (emphasis added).

In *Barnes*, the defendant was a **passenger** in a car that was ordered to stop. *Barnes*, 14 A.3d at 130. Therefore, our Court never addressed whether the motor vehicle stop sufficiently informed **the driver** that he was under investigation pursuant to Section 4914.[4] Rather, the *Barnes* Court addressed only the notice that must be given to a passenger in the driver's car. Our Court recognized this important distinction in the following passage:

---

[4] Indeed, our courts have generally viewed the term "traffic stop" as being interchangeable with the investigative detention of the driver, with the exception being where probable cause exists for the stop of the motor vehicle. *See, e.g., Commonwealth v. Commonwealth v. Randolph*, 151 A.3d 170, 177 (Pa. Super. 2016); *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa. Super. 2010).

We note that 75 Pa.C.S.A. § 6308 imposes a duty upon the operator of a motor vehicle to produce a driver's license upon request of a police officer when the officer has a reasonable belief that a violation of the Vehicle Code has taken place. However, as [the defendant] was a passenger, this section would not apply to him.

*Barnes*, 14 A.3d at 132. In the instant case, we are not faced with what notice a law enforcement officer must give a passenger, as was the issue in *Barnes*.

Moreover, in *D.S.*, plainclothes police officers, who were brandishing firearms, stopped the appellant, who was not in a vehicle, without notifying him that they were law enforcement officers. *D.S.*, 39 A.3d at 970. Thus, *D.S.* is distinguishable because there was no police uniform, no marked police vehicle, no lights, no sirens, and no traffic stop conducted under the authority of Section 6308. The notice of investigation that a lawful traffic stop provides the driver of a vehicle was never an issue in *D.S.* Therefore, neither *Barnes* nor *D.S.* required interpretation of 18 Pa.C.S. § 4914 in conjunction with 75 Pa.C.S. § 6308.

It has long been the law of this Commonwealth that everyone is presumed to know the law and that ignorance is no excuse. *Commonwealth v. McBryde*, 909 A.2d 835, 838 (Pa. Super. 2006) (citing *In re Kearney*, 7 A.2d 159 (Pa. Super. 1939)). When read *in pari materia*, Section 4914's requirement that a law enforcement officer must inform an individual that she is under investigation is satisfied with respect to **the driver** of a vehicle when a law enforcement officer conducts a traffic stop under Section 6308 of

Pennsylvania's Motor Vehicle Code ("the Vehicle Code").[5]  Indeed, the Vehicle Code expressly authorizes law enforcement officers to stop drivers who are suspected of violating the Vehicle Code, and it requires the driver to produce, *inter alia*, identification.  75 Pa.C.S. § 6308.  The obligation of a driver to produce identification is not optional; rather, during a lawful traffic stop, it must be produced upon demand.  75 Pa.C.S. § 1511.[6]

There can be no dispute that in this Commonwealth, a driver is required to stop her vehicle when a law enforcement officer lawfully directs her to do so.  75 Pa.C.S. § 6308.  When a law enforcement officer, who is in full uniform and operating a police vehicle with its lights and siren activated, initiates a traffic stop pursuant to 75 Pa.C.S. § 6308, the driver of the vehicle being stopped is presumed to know that she is under investigation for a suspected violation of the Vehicle Code, and she is presumed to know that she is obligated to produce identification.[7]  The argument that Appellant, as **the driver** of the vehicle, needed an additional and express verbal warning that she was under investigation is specious.

_____

[5] 75 Pa.C.S. §§ 101-9821.

[6] I am cognizant that under certain circumstances, a driver who is not in possession of her driver's license at the time it is demanded has fifteen days in which to produce a valid driver's license.  75 Pa.C.S. § 1511(1)-(2).  However, nothing in Section 1511 allows for a driver to provide false identification.

[7] **McBryde**, 909 A.2d at 838; 75 Pa.C.S. § 6308.

Under the Majority's interpretation, a driver who is subjected to a lawful traffic stop may provide false identification, yet avoid conviction under 18 Pa.C.S. § 4914, if the police officer who conducted the traffic stop does not expressly and verbally reiterate to the driver that she is under investigation. Stated differently, the authority of a uniformed officer in a police vehicle using flashing lights and a siren is manifest and mandates that the driver stop the car and provide identification pursuant to 75 Pa.C.S. § 6308. However, in the Majority's view, that authority does not require the driver to provide accurate identification under 18 Pa.C.S. § 4914; rather, it allows the driver to provide false identification with impunity. I cannot conclude that the legislature intended this unreasonable and absurd result. Therefore, I am constrained to respectfully dissent.