J-S68017-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN WARD | : | |
| | : | |
| Appellant | : | No. 188 WDA 2018 |

Appeal from the Judgment of Sentence August 28, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003195-2017

BEFORE:   SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                FILED DECEMBER 31, 2018

Appellant, John Ward, appeals from the August 28, 2017 Judgment of
Sentence imposed following his conviction of False Identification to Law
Enforcement, 18 Pa.C.S. § 4914(a).   On appeal, Appellant challenges the
sufficiency of the evidence in support of his conviction.  After careful review,
we reverse.[1]

The relevant facts and procedural history, as gleaned from the record,
including the trial court's July 31, 2018 Pa.R.A.P. 1925(a) Opinion, are as
follows.  On February 1, 2017, Pittsburgh Police responded to a Mayor's
Complaint for Building 1729, Apartment 36, of Allegheny Dwellings.[2]  While
on the scene, Officer Jenny Monteleone observed a man, later identified as

_____

[1] We also deny Appellant's Application to Expedite.

[2] A Mayor's Complaint is a complaint submitted to the City of Pittsburgh's 311
service.

_____

*   Former Justice specially assigned to the Superior Court.

Appellant's brother, Lyeneil Ward, exit Apartment 36. When Lyeneil saw the officers, he placed his hands in the air and stated, "I got a little bit of weed on me."

A short time later, Ramesha McMiller and Appellant exited the apartment. Officer Monteleone stopped Appellant and asked him his name and date of birth. Appellant gave the name "Darnell Smith" with a birthdate of October 22, 1987, and stated that he was 27 years old.

Officer Monteleone calculated "Darnell Smith's" age based on the birthday Appellant had given as 29, not 27 as Appellant had stated. In addition, Officer Monteleone realized that Appellant matched the description on an active warrant for "John Ward."

Officer Monteleone informed Appellant that he was under official investigation, and that she would charge him with False Identification to Law Enforcement if he did not provide true information regarding his identity. Appellant responded with "Fuck you. Take me to jail then for the false ID." Upon arrival at the Allegheny County Jail, police identified Appellant as John Ward. Notably, after Officer Monteleone informed Appellant that he was under official investigation, Appellant did not falsely identify himself. Rather, Appellant provided no further identification.

The Commonwealth charged Appellant with various violations of the Uniform Firearms Act and False Identification to Law Enforcement. Following a stipulated non-jury trial, on August 28 2017, the trial court convicted

Appellant of False Identification to Law Enforcement. That same day, the court sentenced Appellant to a one-year period of probation.

On September 11, 2017, Appellant filed a Petition to Accept Post-Sentence Motion Nunc Pro Tunc, as well as a Post-Sentence Motion. The trial court granted Appellant's Petition to Accept Post-Sentence Motion Nunc Pro Tunc; however, on January 9, 2018, it denied Appellant post-sentence relief.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant's sole claim on appeal is that the Commonwealth's evidence was insufficient to sustain his conviction for False Identification to Law Enforcement because it did not establish that Appellant provided false identification after being informed he was under an official investigation. Appellant's Brief at 9-10. We agree.

"A claim challenging the sufficiency of the evidence is a question of law." Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." Commonwealth v. Miller, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citations omitted). The Crimes Code defines False Identification to Law Enforcement as follows:

> (a) Offense defined.--A person commits an offense if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law.

18 Pa.C.S. § 4914(a) (emphasis added).

The statute is clear that a defendant is guilty of False Identification to Law Enforcement if he provides false identification after he is informed by a law enforcement officer that he is the subject of an official investigation. See In re D.S., 39 A.3d 968, 969 (Pa. 2012) (explaining that, to sustain a conviction under Section 4914(a), a defendant must falsely identify himself after he is informed that he is under official investigation); see also Commonwealth v. Barnes, 14 A.3d 128, 131 (Pa. Super. 2011) (same). See generally Commonwealth v. Kitchen, 181 A.3d 337 (Pa. Super. 2018) (en banc) (discussing In re D.S. and Barnes).

In the instant case, the undisputed evidence of record supports Appellant's claim that he did not falsely identify himself to Officer Monteleone after she informed him that he was under an official investigation. The Commonwealth has, thus, failed to prove an element of the crime beyond a reasonable doubt and the evidence was insufficient as a matter of law to sustain Appellant's conviction. Accordingly, we reverse Appellant's conviction.

Judgment of Sentence vacated. Conviction reversed. Application to Expedite denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/31/2018