J-S39005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN OLIVER | : | |
| | : | |
| Appellant | : | No. 797 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 4, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003831-2021

BEFORE: PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.: **FILED JANUARY 19, 2023**

Brian Oliver appeals from the judgment of sentence entered in the Berks County Court of Common Pleas on May 4, 2021, following his conviction for false identification to law enforcement ("False ID"), 18 Pa.C.S.A. § 4914. On appeal, Oliver does not deny he provided police a false identity after being informed that he was the subject of an official investigation. However, he claims the evidence was insufficient to convict him for False ID since there was no evidence presented at trial that he was informed as to why he was the subject of an official investigation. As we find this is not an element of the offense of False ID, we affirm.

On October 29, 2021, Officer William Fursin of the Reading Police Department received a radio call that Officer Eric Koller was behind a white Toyota Versa that had been reported as stolen approximately 30 minutes

earlier. *See* N.T., 5/4/2022, at 11-12, 21. The report indicated that the vehicle had been stolen at gunpoint by two men. *See id*. at 22-23. Officer Koller, while in full uniform, performed a traffic stop of the vehicle. *See id*. at 12, 21-22. The driver was detained while the passenger, stipulated to be Oliver, remained in the vehicle. *See id*. at 12, 23.

After Officer Fursin arrived on the scene, Oliver was removed from the vehicle and moved to the curb. *See id*. at 13. Officer Fursin asked Oliver what his name was, to which Oliver responded "Jason Fritchman." *Id*.

At some point after that, Oliver was told he was under official investigation. *See id*. at 14. Officer Fursin testified that he was interested in speaking with Oliver because the stolen vehicle report indicated that two males were involved in stealing the vehicle. *See id*. at 15. While the report included a description of one of the men, Oliver did not meet the description that had been provided. *Id*. at 24.

Body camera video of the interaction showed that Oliver continuously asked about the reason for the investigation and why the officers were armed. *See id*. at 19. Officer Fursin did not provide Oliver with this information. Officer Fursin testified that he did not answer Oliver's inquiry into the reason for the investigation because he did not have to; he just had to tell him that he was under official police investigation. *See id*. at 17-18.

After Officer Fursin informed Oliver that he was under official investigation, he again asked Oliver to identify himself. Oliver again stated his name was Jason Fritchman. *See id*. at 14.

Oliver's version of events largely corroborates the officers' testimony. Oliver does not dispute that he initially gave a false name, and more relevantly, that after he was told he was the subject of an official investigation, he continued to give a false name. *See id*. at 10.

On October 29, 2021, Oliver was charged with possession with intent to use drug paraphernalia and false identification to law enforcement authorities. The possession charge was dismissed at the preliminary hearing.

On May 4, 2021, following a bench trial, the trial court found Oliver guilty of False ID. The court sentenced him the same day to 3 to 6 months' imprisonment. Oliver filed a post-sentence motion which was denied. This timely appeal followed.

In his sole issue raised on appeal,[1] Oliver challenges the sufficiency of the evidence supporting his conviction for False ID. *See* Appellant's Brief, at 4. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are

---

[1] In his 1925(b) concise statement, Oliver also raised a claim that the verdict was against the weight of the evidence. While this issue was addressed by the trial court in its opinion, Oliver has abandoned this issue on appeal. Therefore, we will not address it.

sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. ***See Commonwealth v. Dale***, 836 A.2d 150, 152 (Pa. Super. 2003). The Commonwealth may meet this burden of proving every element of the crime by utilizing only circumstantial evidence. ***See Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa. Super. 2007).

"[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." ***Id***. (citation omitted). Any doubt raised as to the accused's guilt is to be resolved by the fact-finder, so long as the evidence presented is not utterly incapable of supporting the necessary inferences. ***See id***. This Court does not independently assess credibility or otherwise assign weight to evidence on appeal. ***See Commonwealth v. Kinney***, 863 A.2d 581, 584 (Pa. Super. 2004).

The offense of False ID is defined as follows:

> A person commits an offense if he furnishes law enforcement authorities with false information about his identity after being informed by a law enforcement officer who is in uniform or who has identified himself as a law enforcement officer that the person is the subject of an official investigation of a violation of law.

18 Pa.C.S.A. § 4914(a).

Accordingly, to support a conviction under Section 4914(a), three conditions must be satisfied under the plain language of the statute: (1) If the law enforcement officer is not in uniform, the officer must identify himself as a law enforcement officer; (2) the individual must be informed by the law enforcement officer that he is the subject of an official investigation of a

violation of law; and (3) the individual must have furnished law enforcement authorities with false information after being informed by the law enforcement officer that he was the subject of an official investigation of a violation of law. *See In the Interest of D.S.*, 39 A.3d 968, 974 (Pa. 2012).

Here, Officer Koller performed a stop of the Toyota. Officer Fursin, a uniformed officer, asked Oliver to exit the vehicle. Officer Fursin then asked Oliver for his name, and Oliver provided a false name. At that point, Oliver was told by uniformed officers that he was under official investigation. The evidence of record shows that Oliver was informed multiple times, at his own questioning, that he was under official investigation. After being so informed, Oliver was asked again for his name, to which he again gave a false name. It was stipulated at trial that Oliver's real name is "Brian Oliver". Accordingly, all three elements of the False ID statute were satisfied.

Oliver's argument hinges on his interpretation of the second element - that an individual must be informed by a law enforcement officer that he is the subject of an official investigation of a violation of law. Specifically, Oliver argues, without any citation to relevant authority, that the language of this element requires a law enforcement officer to inform an individual about the reason for the investigation. We disagree.

The Supreme Court of Pennsylvania has previously analyzed the plain language of this statute and found the language to be "clear and free from

ambiguity". **Id**. Importantly, the official investigation element cannot be satisfied solely by an investigation of the false identification itself:

> Literally read, the statute in question does not make it illegal to provide to a law enforcement authority false information as to one's identity unless and until one is first apprised that he is the subject of an official investigation of a violation of law. If one provides false information as to his identity prior to that point, he has not violated the statute. Thus, any investigation centered solely upon the providing of false information as to one's identity would not be an investigation of a violation of law.

**Commonwealth v. Barnes**, 14 A.3d 128, 131 (Pa. Super. 2011). Further, there is no language in the statute to suggest that an individual's knowledge under the notification requirement could be derived from the surrounding circumstances. **See D.S.**, 39 A.3d at 975. More recently, an *en banc* panel of this Court further clarified this point, finding there is no language in the statute that states the notification element can be satisfied merely because an individual could have inferred he was under investigation, or because the officer's conduct implied that the individual was under investigation. **See Commonwealth v. Kitchen**, 181 A.3d 337, 342 (Pa. Super. 2018) (*en banc*). Rather, the Commonwealth must prove that the individual was expressly told by a law enforcement officer that he is the subject of an official investigation. **See id**. at 345.

Nevertheless, Oliver claims a law enforcement officer must inform an individual of the actual reason for the official investigation. This argument presents a question of statutory interpretation which is a pure question of law

that we review *de novo*. ***See id***. at 342. We must always attempt to interpret the statute according to its plain language. ***See id***.

Here, the plain language of the statute does not support Oliver's position. Read literally, the statute only requires that a law enforcement officer notify the person that they are "the subject of an official investigation of a violation of law". 18 Pa.C.S.A. § 4914(a). If the legislature had intended the outcome Oliver argues for, it would have included "and the nature of that investigation" or similar language into the sentence. We cannot add this requirement to the statute under the guise of statutory interpretation.

Since we reject Oliver's contention that a False ID conviction requires evidence that the defendant was informed of the basis for the official investigation, we conclude the Commonwealth introduced sufficient evidence to establish that Oliver committed the offense of False ID.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2023