539 A.2d 484

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Leo R. Maguire, Jr., Appellee.

Submitted on briefs February 23, 1988, to President Judge CRUMLISH, JR., Judges McGINLEY and SMITH, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, *Morey Myers,* General Counsel, *Henry G. Barr,* General Counsel, for appellant.

*Eric. L. B. Strahn, Ryan, Russell & McConaghy,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 24, 1988:

The Department of Transportation (DOT) appeals a Berks County Common Pleas Court order sustaining Leo Russell Maguire's appeal of a one-year driver's license suspension. We reverse.

The facts are undisputed. Maguire was arrested for driving under the influence of alcohol. 75 Pa. C. S. §3731. He subsequently refused to submit to a breathalyzer after receiving a valid warning that refusal would result in suspension of his license. The arresting officer did not send the "Report of Refusal" to DOT until eight months later, whereupon DOT promptly revoked Maguire's license pursuant to 75 Pa. C. S. §1547(b)(1). The common pleas court vacated because it concluded that Maguire was prejudiced by the delay since in the interim he had started his own business which required him to drive.

DOT contends that the common pleas court erred because the delay was not attributable to its actions.[1] We agree.

The common pleas court may reverse a suspension where the licensee shows that an unreasonable delay *chargeable to DOT* caused him to believe his privileges would not be impaired *and* to change his circumstances to his detriment. *Department of Transportation, Bureau of Traffic Safety v. Lyons,* 70 Pa. Commonwealth Ct. 604, 453 A.2d 730 (1982). In the context of suspensions imposed for convictions under the Vehicle Code, 75 Pa. C. S. §101-9910, this Court has consistently held that a "delay cannot be chargeable to DOT before the

---

[1] In a license suspension case where the common pleas court is the fact finder, our scope of review is limited to determining whether the court based its findings on substantial evidence, committed an error of law or abused its discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

Department is in receipt of the certification of conviction." *Department of Transportation, Bureau of Driver Licensing v. Kazil,* 97 Pa. Commonwealth Ct. 151, 152, 510 A.2d 148, 149 (1986). *Department of Transportation v. Russo,* 96 Pa. Commonwealth Ct. 187, 506 A.2d 1349 (1986); *Lyons.*

In *Lyons,* we stated that although both DOT and the court serve the Commonwealth, DOT is not accountable for a court clerk's delay in mailing a certification of a licensee's conviction to DOT. Likewise, we hold that DOT is not accountable for a local police department's delay in mailing the "Report of Refusal."

Section 1547(b)(1) requires DOT to suspend a licensee's privileges "upon notice by the police officer" that the licensee refused to submit to a breathalyzer. The record reveals that DOT acted promptly upon receiving the notice. Therefore, the common pleas court erred in reversing the suspension.

ORDER

The order of the Berks County Common Pleas Court, No. 185 February 1985 dated February 25, 1986, is reversed, and the one-year suspension of appellee's operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing, is reinstated.