578 A.2d 586

**Jerry J. NELSON, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1990.

Decided July 24, 1990.

David W. DeLuce, Johnson, Duffie, Stewart & Weidner, Lemoyne, for appellant.

Philip L. Zulli, Asst. Counsel, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, for respondent.

Before DOYLE, SMITH (P.), JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Jerry J. Nelson (Nelson) appeals the order of the Court of Common Pleas of Perry County, issued May 2, 1989, which dismissed the appeal of his license suspension. We affirm.

On August 31, 1986, Nelson was charged with a violation of Section 1547 of the Vehicle Code (Code).[1] As a result of his conviction on this charge, his driving privileges were suspended for a period of one year, effective March 17, 1987. On September 27, 1987, he was charged with a violation of Section 1543 of the Code, which is a charge of driving while operating privileges are suspended or revoked. Nelson pled guilty to the charge and was sentenced, on January 4, 1988, to 90 days in prison plus a $1000 fine. Section 1543(c)(1) also provides for an additional one-year suspension of operating privileges upon the Department of Transportation's (DOT) receipt of a certified record of conviction under this section.

Notice of Nelson's conviction on this charge was mailed to the appropriate office during the first week of February, 1988. Thereafter, Nelson received notice that his driving privilege was being restored on March 17, 1988 after completion of his one-year suspension which resulted from the Section 1547 conviction. Nelson paid the restoration fee and received his license on April 4, 1988. Then, on December 6, 1988, he received notice that his license was being suspended for one year due to his 1987 conviction on the Section 1543 charge.

Nelson appealed this suspension, claiming that unreasonable delay by DOT caused prejudice. Specifically, Nelson claimed that he had obtained a driver's record abstract from DOT on May 11, 1988 after restoration of his driving privileges in order to ensure a clean driving record, which was necessary for a job he hoped to get with the National Guard, and that the abstract made no mention of a pending suspension. In reliance on the abstract, he accepted employment with the National Guard and also began a lawn

1. 75 Pa.C.S. § 1547.

maintenance business which required driving privileges for successful operation.

At the appeal hearing, Nelson testified that he was not aware of the fact that his driving privileges would be suspended again and that at the hearing at which he was sentenced for the Section 1543 charge he was informed of the fine and prison sentence but not of the additional suspension. The driver abstract which he obtained in May 1988 was admitted into evidence. Likewise, DOT admitted into evidence the notice of the first suspension on the Section 1547 charge which Nelson received in February 1987, which states that a conviction for driving while operating privileges are suspended will result in a fine, a prison sentence, and an additional period of suspension.[2] Nelson testified that he had received that notice. The trial court found that Nelson had suffered prejudice due to the delay but that since he failed to make a reasonable inquiry into the mandatory license suspension, the prejudice did not result from any action chargeable to DOT.[3]

Our scope of review in an appeal involving the suspension of operating privileges is limited to determining whether the findings of the trial court are supported by competent evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Georgiadis*, 116 Pa.Commonwealth Ct. 563, 542 A.2d 225 (1988).

Nelson argues that the trial court abused its discretion and committed an error of law by failing to apply the standard set forth in *Department of Transportation v. Maguire*, 114 Pa.Commonwealth Ct. 581, 539 A.2d 484 (1988) thereby creating its own standard, when it found that

2. The notice which Nelson received stated that an additional six month suspension would result. The penalty was subsequently changed to a one year suspension.

3. Although the trial court opinion contains no case authority, it may be inferred from its reasoning that the trial court used the standard set forth in *Department of Transportation v. Maguire*, 114 Pa.Commonwealth Ct. 581, 539 A.2d 484 (1988).

prejudice had resulted but did not determine whether unreasonable delay had occurred. We stated in *Maguire*, "The common pleas court may reverse a suspension where the licensee shows that an unreasonable delay *chargeable to DOT* caused him to believe his privileges would not be impaired *and* to change his circumstances to his detriment." 114 Pa.Commonwealth Ct. 581, 582, 539 A.2d 484, 485 (1988) (emphasis in original). It is apparent that the standard requires, first, a showing of unreasonable delay chargeable to DOT, then, second, a showing that prejudice resulted from the delay.

The trial court here determined that Nelson was prejudiced when he relied on the May 1988 record abstract which did not mention a pending suspension and proceeded to accept employment with the National Guard and to start his lawn maintenance business. But the trial court concluded that this prejudice was a result of Nelson's failure to make a reasonable inquiry into this area of the law, noting that he had been clearly warned of this penalty previously, rather than a result of unreasonable delay by DOT. Since the trial court did not find unreasonable delay by DOT, its finding of prejudice has no effect.

Nelson urges this court to find that the ten month delay between DOT's receipt of the notice of conviction and its notification of suspension sent to Nelson warrants reversal of the suspension. The Code contains no provision as to a time limit within which suspensions for serious violations must be imposed. This issue was raised and addressed by this court, and we held as follows:

> We must agree with the appellant, however, that the legislature could not have intended to allow the Department, without a good reason, to wait years to impose penalties such as that prescribed in Section 1542. Such a result, in our opinion, would be absurd and unreasonable and the legislature is presumed not to intend such results.... We also believe that in order to avoid an absurd or unreasonable result, the provisions ... must be construed to impliedly require the Department to give notice of revocation ... within a "reasonable" time after

it receives the ... conviction notice. Naturally, what will constitute a "reasonable" time in a given case cannot be established in a vacuum and we believe, therefore, that its meaning will depend upon the circumstances of each case.

*Lemley v. Department of Transportation,* 97 Pa.Commonwealth Ct. 469, 472–473, 509 A.2d 1380, 1382 (1986) *petition for allowance of appeal denied,* 514 Pa. 620, 521 A.2d 934 (1986) (citations omitted).

We recognize, first, that Nelson's driving privileges were restored (i.e., his first suspension ended) on April 4, 1988 when he paid the restoration fee and DOT reissued his license. A subsequent suspension can only commence after the driver has served the prior suspension. *Parks v. Commonwealth,* 40 Pa.Commonwealth Ct. 544, 398 A.2d 230 (1979). Thus, the time period under consideration begins April 4, after Nelson's driving privileges were restored. Nelson obtained the record abstract in May for the purpose of ensuring that he had a clean driving record; seven months elapsed between that time and his receipt of the suspension notice.

The trial court found as a fact and Nelson admitted that he knew he was subject to an additional suspension if convicted on this charge when he received the first notice of suspension. With this knowledge the delay, if any, by DOT was not the cause of his change of position but the disregard of his own knowledge was the cause. That Nelson's second conviction would, and in fact did, result in a suspension and his actions in the face of that knowledge are the source of his problem and not DOT's delay.

In view of the foregoing, we find that the trial court's findings are supported by competent evidence and that it committed no error of law or abuse of discretion and we affirm its dismissal of the appeal.

## ORDER

AND NOW, this 24th day of July, 1990, the Order of the Court of Common Pleas of Perry County issued May 2, 1989

dismissing the appeal of license suspension, is hereby affirmed.