602 A.2d 431

**Quince E. EVANS, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF MOTOR VEHICLES, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 1, 1991.

Decided Jan. 13, 1992.

Kenneth C. Jones, for appellant.

Timothy P. Wile, Asst. Counsel–In–Charge of Appellate Section, for appellee.

Before COLINS and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

PELLEGRINI, Judge.

Quince E. Evans (Evans) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which denied his appeal and reinstated a one-year suspension of his inspection privileges as imposed by the Department of Transportation, Bureau of Traffic Safety (PennDOT), pursuant to Section 4724(a) and Section 4726(b) of the Vehicle Code, 75 Pa.C.S. §§ 4724(a), 4726(b).

On April 21, 1986, after a departmental hearing, Evans received notice of a one-year suspension of his certification as an official inspection site and as an official inspection mechanic for furnishing a certificate of inspection without an inspection and for fraudulent recordkeeping, pursuant to 75 Pa.C.S. §§ 4724(a), 4726(b).[1] Evans appealed this suspension to the Court of Common Pleas of Philadelphia County, which dismissed the appeal on September 24, 1986. Evans then appealed that order to this court. He was granted supersedeas pending the outcome of the appeal. However, on October 27, 1987, this appeal was dismissed due to Evans' failure to file a brief and reproduced record in support of his appeal as required by the Rules of Appellate Procedure.

In 1985, Evans was notified of a separate six-month suspension for writing a bad check to PennDOT. This was his second suspension for bad checks. He appealed the suspension to the court of common pleas, which denied the

---

1. The Vehicle Code, 75 Pa.C.S. § 4724(a), states:

   The department shall supervise and inspect official inspection stations and may suspend the certificate of appointment issued to a station which it finds is not properly equipped or conducted or which has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department.

   The Vehicle Code, 75 Pa.C.S. § 4726(b), states:

   The department shall supervise mechanics certified under this section and may suspend the certification issued to a mechanic if it finds that the mechanic has improperly conducted inspections or has violated or failed to comply with any of the provisions of this chapter or regulations adopted by the department.

appeal on July 22, 1986. He appealed to this court and we denied his appeal on September 7, 1988, and his six-month suspension was promptly reinstated. While serving the six-month suspension, Evans kept his auto repair garage open during the day and acquired additional part-time employment. After learning from PennDOT that the suspension was scheduled to end on April 26, 1989, Evans left his part-time employment and purchased some equipment, intending to resume inspections on that day.

On April 26, 1989, Evans was notified that his suspension for one year was being reinstated by PennDOT as a result of the dismissal of his appeal on October 27, 1987. Evans appealed the reinstatement to the trial court, contending that there had been an unreasonable delay and he had relied on that delay by purchasing equipment in order to reopen his inspection station on April 26, 1989. The purchased equipment apparently consisted of a machine to do front-end alignments, ball joint equipment, a press form and an emission machine. The trial court denied Evans' appeal and reinstated the suspensions. Evans then appealed to this court.

Evans contends that PennDOT unreasonably delayed implementing the suspension for eighteen months, causing actual and inherent prejudice to his business. PennDOT contends that an appeal of a suspension of an inspection certification can only be granted where there was unreasonable delay and detrimental reliance on the delay causing prejudice to the station owner, and that here, the delay was not unreasonable and Evans failed to prove prejudice.[2]

■ An appeal alleging delay in imposing a suspension of inspection certification has not been addressed by this court. Both sides urge us to apply the law relating to delay in implementing a driver's license suspension to determine

2. Our scope of review in inspection certificate suspension cases is limited to whether there has been an error of law or whether the findings of the trial court can be supported by competent evidence or whether the trial court's decision demonstrates manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Cormas*, 32 Pa.Commonwealth Ct. 1, 4, 377 A.2d 1048, 1050 (1977).

if the appeal can be granted. In those cases, we have held that a license suspension may be reversed where the licensee shows that an unreasonable delay chargeable to Penn-DOT caused him to believe his privileges would not be impaired and to change circumstances to his detriment. *Commonwealth, Department of Transportation v. Maguire*, 114 Pa.Commonwealth Ct. 581, 582, 539 A.2d 484, 485 (1988). We agree that cases involving license suspension are applicable to determine whether PennDOT unreasonably delayed enforcing the inspection certification suspension, because both types of cases involve the same claim of lack of due diligence on the part of PennDOT.

In delineating what is unreasonable delay, in *Lemley v. Commonwealth, Department of Transportation*, 97 Pa.Commonwealth Ct. 469, 509 A.2d 1380 (1986), *petition for allowance of appeal denied*, 514 Pa. 620, 521 A.2d 934 (1986), we held "what will constitute a 'reasonable' time [to implement suspensions] in a given case cannot be established in a vacuum, and we believe, therefore, that its meaning will depend upon the circumstances of each case." *Id.* 97 Pa.Commonwealth Ct. at 473, 509 A.2d at 1382.

In addition to unreasonable delay, an appellant must show "prejudice" which is established when a licensee shows that he, believing his privileges were no longer impaired, changed his circumstances to his detriment. *See Maguire*, 114 Pa. Commonwealth Ct. at 582, 539 A.2d at 485. The prejudice requirement is akin to the doctrine of laches where a delay acts as a bar only when it extends beyond the point at which an adverse party, in reliance upon the lack of action, reasonably changes his position and injustice would be done to allow the delayed claim against him. *See Zemprelli v. Thornburgh*, 55 Pa.Commonwealth Ct. 330, 336, 423 A.2d 1072, 1075 (1980).

Here, Evans has not met his burden of establishing that PennDOT unreasonably delayed in reinstating the suspension of his inspection certification. Because Evans' certification as an official inspection station and as an inspection mechanic were suspended for six of the eighteen

months in question, and because the suspensions cannot be served concurrently, the trial court properly found the period of delay to be approximately one year. *Nelson v. Department of Transportation, Bureau of Driver Licensing,* 134 Pa. Commonwealth Ct. 186, 191, 578 A.2d 586, 588 (1990). Evans' certification history reveals that he and his station certification were suspended four times, three of those suspensions were appealed to common pleas court and subsequently two of those were appealed to this court. Thirty-three different documents were introduced by Penn-DOT dealing with Evans' various suspensions. In view of the number of suspensions involved and the multiplicity of appeals, the trial court did not abuse its discretion in finding that PennDOT's issuance of a suspension notice after only a one-year delay was reasonable.

Because we have found that there was no unreasonable delay, there is no need to address whether Evans established the requisite prejudice. The order of the trial court is affirmed.

## ORDER

AND NOW, this 13th day of January, 1992, the order of the Court of Common Pleas of Philadelphia County, dated February 7, 1991, No. 2831 May Term 1989, is affirmed.