627 A.2d 267

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING,**

v.

**Alfred H. TOURNAY, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 12, 1993.

Decided June 18, 1993.

Dale M. Brown, for appellant.

David R. White, Asst. Counsel, Appellate Section, for appellee.

Before CRAIG, President Judge, and PALLADINO, J., and KELTON, Senior Judge.

CRAIG, President Judge.

The licensee, Alfred H. Tournay, appeals from an order of the Court of Common Pleas of Washington County, which dismissed his appeal from a one-year license suspension imposed by the Department of Transportation, Bureau of Driver Licensing, as a result of his conviction for violating section 1543(a) of the Vehicle Code, 75 Pa.C.S. § 1543(a), which prohibits licensees from driving while their operating privileges are suspended or revoked. We affirm.

The first issue in this case is whether a licensee may serve a license suspension imposed by section 1543 of the Vehicle Code before the licensee is convicted of the section 1543 offense. Additionally, the licensee contends that the approximate 3–year delay from the date of his violation on February 17, 1989 until the notice of suspension issued by the department on May 5, 1992, constitutes an unreasonable delay by the department.

According to the record, the facts in this case are as follows. On February 17, 1989, the licensee violated section 1543(a) which prohibits a licensee from driving a vehicle while his operating privilege is suspended or revoked. The licensee was convicted of the section 1543(a) offense on January 21, 1992. As a result of his conviction, the department mailed a notice to the licensee dated May 5, 1992, informing him that, pursuant to section 1543(c)(1), his operating privileges would be suspended for one year, effective June 9, 1992. The licensee appealed the one-year suspension to the Court of Common Pleas of Washington County on June 4, 1992. The court determined that the department properly suspended the licensee's operating privileges effective June 9, 1992, as a result of the licensee's conviction on January 21, 1992, of driving his

vehicle while under suspension on February 17, 1989. This appeal followed.

Initially, the licensee contends that he commenced serving the one-year license suspension for his February 17, 1989 offense in the summer of 1989, when he surrendered his license to the Pennsylvania State Police. Section 1543 of the Vehicle Code requires the Department to suspend or revoke a licensee's operating privileges "[u]pon receiving a certified record of conviction". We note that the department's records show that the licensee was not convicted of the February 17, 1989 offense until January 21, 1992, when he paid the fine associated with that offense. A licensee's payment of a fine constitutes an admission of guilt for purposes of the Department's revocation. *Department of Transportation, Bureau of Driver Licensing v. Vento,* 120 Pa.Commonwealth Ct. 211, 548 A.2d 385 (1988).

Additionally, the licensee contends that the department acknowledged his completion of the one-year suspension for his February 17, 1989 violation by sending a letter dated February 4, 1992, which restored his operating privileges. The letter provides in relevant part:

Please be advised that your driving privilege is restored effective 02/04/1992. As provided in Section 1545 of the Vehicle Code, your driving record shows five points upon restoration. Any point system convictions processed by the Department on or after this restoration date will be added to this five point total. Any additional accumulation of points may result in corrective action by this bureau and may cause the suspension of your driving privilege.

Although the licensee contends that the department issued the February 4, 1992 restoration letter in response to his completion of a one-year license suspension for his February 17, 1989, section 1543 violation, we note that the licensee's driving record introduced by the department lists numerous suspensions. Specifically, the licensee violated section 1543 on June 5, 1990, and was convicted of this offense on June 15, 1990, which resulted in a suspension of his operating privileges

for one year, effective December 17, 1990. Additionally, the licensee also incurred the following suspensions between 1988 and February, 1992:

| Violation | Date of Violation | Date of Suspension |
|---|---|---|
| 1533 | February 18, 1988 | December 7, 1988 |
| 1533 | June 6, 1988 | December 22, 1988 |
| 1533 | February 17, 1989 | September 27, 1989 |
| 1533 | February 17, 1989 | October 4, 1989 |
| 1544 | June 5, 1990 | September 18, 1990 |
| 1543 | June 5, 1990 | December 17, 1990 |

As previously stated, the department issued the restoration letter on February 4, 1992. Additionally, although the certification of conviction for the licensee's February 17, 1989, offense shows a conviction date of January 21, 1992, the department's processing date was March 12, 1992, as indicated on the department's May 5, 1992 suspension notice. The processing date is the date upon which the department becomes aware of a court action. *Chappell v. Commonwealth,* 59 Pa.Commonwealth Ct. 504, 430 A.2d 377 (1981). Thus, the department could not have known of the January 21, 1992 conviction when the department restored the licensee's driving privileges on February 4, 1992 because the department did not receive the notice of conviction until March 12, 1992.

Finally, the licensee contends that the department acted unreasonably by imposing a one-year suspension more than three years after the date of the offense. In order for a delay to invalidate an operating privilege suspension, a licensee must show that an unreasonable delay, chargeable to the department, caused him to believe that his operating privileges would not be impaired and the licensee must have changed his circumstances to his detriment. *Department of Transportation, Bureau of Traffic Safety v. McGuire,* 114 Pa.Commonwealth Ct. 581, 539 A.2d 484 (1988). In this case, the department received a certification of conviction on March 12, 1992. Thereafter, the department sent the licensee a suspension notice dated May 5, 1992. The department sent the notice of license suspension approximately 3½ months after

the conviction occurred. In *Department of Transportation v. Russo*, 96 Pa.Commonwealth Ct. 187, 506 A.2d 1349 (1986), this court held that a delay of four months between the receipt of a notice of certification and the imposition of a suspension is reasonable.

Accordingly, the decision of the trial court is affirmed.

## *ORDER*

NOW, June 18, 1993, the order of the Court of Common Pleas of Washington County, Pennsylvania, No. 92–3477, dated July 30, 1992, is affirmed.