# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chrystyna M. Fenchen,        :
             Appellant       :
                             :    No. 1232 C.D. 2017
            v.              :
                             :    Submitted: November 30, 2018
Commonwealth of Pennsylvania,     :
Department of Transportation,      :
Bureau of Driver Licensing        :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge


## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED: February 13, 2019


       Chrystyna M. Fenchen (Licensee) appeals from the August 15, 2017 order of the Court of Common Pleas of Northampton County (trial court) denying her statutory appeal from an 18-month suspension of her operating privilege imposed by the Department of Transportation, Bureau of Driver Licensing (Department), following Licensee's conviction for driving under the influence of alcohol (DUI).[1]

       In its opinion, the trial court set forth the undisputed factual background of this case as follows:

---

[1] Section 3804(e)(2)(ii) of the Vehicle Code provides that the Department shall suspend the operating privilege of an individual for 18 months if the individual is convicted of a DUI graded as a misdemeanor of the first degree or a felony of the third degree. 75 Pa.C.S. §3804(e)(2)(ii).

The subject of the instant appeal is an Official Notice of Suspension issued upon [Licensee] on or about July 26, 2016, instituting an [18-month] suspension of her driving privilege as of the date of the letter incident to a fourth [DUI] conviction under [section 3802(a)(1) of the Vehicle Code[2]] for an offense that occurred on April 25, 2013.

[Licensee] voluntarily surrendered her driver's license on May 2, 2013. On August 5, 2013, [Licensee] entered a guilty plea to this offense and to a third offense DUI that occurred on February 2, 2013. Incident to these guilty pleas, [Licensee] served a term of imprisonment from August 5, 2013, to February 8, 2015.

During her prison term, [Licensee] received a Notice of Suspension dated November 20, 2013, advising her that attendant with her conviction for the February 2, 2013 offense (*i.e.*, the third DUI), her license would be suspended for a period of [18] months retroactively from May 2, 2013. By the letter, she was advised that she would not receive credit on the suspension for the period of her incarceration. Accordingly, she anticipated that her license would be restored approximately [15] months after her release from prison, or in or about May 2016.

On or about June 1, 2016, [Licensee] received a letter from [the Department] setting forth the requirements for restoration of her driving privileges. Specifically, the letter advised her that she would not receive credit for her suspension while in prison, nor would she receive any credit toward the suspension until the Court certified the completion of her prison sentence to [the Department], and likewise certified her completion of court-ordered treatment. She was also directed that she would have to pay a restoration fee to [the Department], have her vehicle equipped with an ignition interlock system, and provide proof of vehicle insurance.

As she undertook to satisfy the requirements set forth in the letter of June 1, 2016, [Licensee] contacted the

---

[2] This section defines the offense of DUI—General Impairment. 75 Pa.C.S. §3802(a)(1).

Northampton County Criminal Division to request the preparation of a DL-21CF form, entitled "Report of the Clerk of Courts Showing the Completion of Treatment and/or the Release from Prison[.]" [This form] listed the date of [Licensee's] violation as April 25, 2013 (*i.e.*, the fourth DUI), and [] was electronically submitted by the Court on July 18, 2016. Eight [] days later, [the Department] issued the suspension notification letter that is the subject of the instant appeal.

(Trial court op. at 1-2.)

On June 15, 2017, the trial court held a hearing at which the Department admitted a certified packet of documents, which included, among other things, proof of Licensee's convictions, written correspondence and official forms regarding the license suspensions, and Licensee's driving history and report. (Supplemental Reproduced Record (S.R.R.) at 1b-27b.) The Department then rested its case-in-chief.

Licensee, an attorney, testified that she incurred bills on her vehicle and paid them based on her belief that her driving privilege would be restored in the summer of 2016 and that she would not receive another license suspension following her release from prison. Specifically, Licensee stated that, while her license was still suspended as a result of the third DUI, she paid approximately $13,242.71 on car payments, insurance and registration costs, and repairs. Licensee testified that had she known she would be subjected to another 18-month suspension after her incarceration, she would have elected to sell the vehicle instead. (Reproduced Record (R.R.) at 14a-15a.)

On cross-examination, Licensee admitted that she was aware and knew that she had been convicted in 2013 of two separate DUI offenses. When asked if she had any reason to believe that she would not receive a second notice of suspension, *i.e.*, one for the fourth DUI, Licensee stated that she thought the employees of the

3

Department "knew what they were doing" and explained that license suspensions were not her "area of expertise when [she] was practicing law" and that she "didn't look it up." (R.R. at 24a.) In addition, Licensee conceded that none of the Department's forms or letters, including the June 1, 2016 letter setting forth the conditions for restoration, stated that her driving privilege would be restored on a certain date, and that she merely assumed, based upon her own mathematical calculations, that her driving privilege would be restored sometime in the summer of 2016. (R.R. at 27a-30a.)

On August 15, 2017, the trial court denied Licensee's appeal. In its opinion, the trial court noted that, pursuant to Pennsylvania law, when a licensee sustains two DUI convictions, each conviction results in a separate license suspension, and the suspensions must be imposed consecutively. *See Currie v. Department of Transportation, Bureau of Driver Licensing*, 142 A.3d 186, 190 (Pa. Cmwlth. 2016); *Nelson v. Department of Transportation, Bureau of Driver Licensing*, 578 A.2d 586, 588 (Pa. Cmwlth. 1990) ("A subsequent suspension can only commence after the driver has served the prior suspension."). The trial court noted that, in this case, there was a delay of over three years between the August 5, 2013 guilty plea for the fourth DUI and the Department's July 26, 2016 notice of suspension. However, the trial court explained that because license suspensions must be served consecutively, less than three months had elapsed from the date that Licensee was eligible to have her driving privilege restored (due to her third DUI) to the date that Licensee received the notice of the suspension. On these facts, the trial court concluded that *Currie* was indistinguishable and constituted dispositive authority. (Trial court op. at 5-6.)

4

On appeal,[3] Licensee contends that the trial court erred in determining the length of the delay period and that her testimony established that she sustained prejudice as a result of the delay in receiving the notice of suspension.

This Court has held that even where the Department was not responsible for the delay, a licensee could still have his or her license reinstated upon proof that: (1) the entity responsible for certifying a conviction to the Department failed to do so for an extraordinarily extended period of time; (2) the licensee had no further Vehicle Code[4] violations for a significant number of years before the conviction was certified to the Department; and (3) the licensee was prejudiced by the delay. *See Middaugh v. Department of Transportation, Bureau of Driver Licensing*, 196 A.3d 1073, 1081 (Pa. Cmwlth. 2018) (en banc); *Gingrich v. Department of Transportation, Bureau of Driver Licensing*, 134 A.3d 528, 534-35 (Pa. Cmwlth. 2016) (en banc).

In *Currie*, a court of common pleas convicted a licensee on May 15, 2012, of two counts of DUI for incidents occurring on July 20, 2011, and December 8, 2011. Shortly thereafter, the county's department of court records certified the conviction for the first DUI to the Department, and the Department suspended the licensee's operating privilege for one year, effective November 7, 2012. When the suspension period ended, the licensee failed to pay the required fines, and the suspension remained in effect until the licensee submitted the owed amount. The Department eventually restored the licensee's operating privilege on March 23, 2015.

---

[3] Our scope of review is limited to determining whether the findings of fact are supported by substantial evidence or whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Piasecki v. Department of Transportation, Bureau of Driver Licensing*, 6 A.3d 1067, 1070 (Pa. Cmwlth. 2010).

[4] 75 Pa.C.S. §§101-9805.

On April 22, 2015, the department of court records certified the licensee's conviction for the second DUI to the Department. On May 26, 2015, the Department suspended the licensee's operating privilege for one year, effective June 29, 2015. The licensee appealed the notice of suspension, contending that there was an unreasonable delay in the certification of his conviction and the issuance of the notice of suspension. At the hearing, the licensee testified that after his operating privilege was restored in March 2015, he moved from Pennsylvania to New Jersey; however, he was unable to obtain a New Jersey driver's license due to the Pennsylvania suspension. The court of common pleas granted the appeal and reinstated the licensee's operating privilege.

On further appeal, this Court in *Currie* reversed, concluding that the licensee was unable to demonstrate prejudice. We reasoned as follows:

> Although technically [the second] suspension was imposed three years after [the licensee's] conviction, it was imposed only three months after [the licensee's] operating privilege was restored. Even if the [r]ecords [d]epartment had reported both DUI convictions to [the Department] simultaneously in 2012, [the licensee] could not have begun to serve the second suspension until his first suspension ended in March 2015 . . . . Under these circumstances, we cannot conclude that [the licensee] was prejudiced by the delay.

*Id.* at 189-90.

Here, with respect to the 18-month suspension imposed for the third DUI, Licensee surrendered her driver's license on May 2, 2013, and she was incarcerated from August 5, 2013, to February 8, 2015. (R.R. at 9a; S.R.R. 24b.) Discounting the time that Licensee was imprisoned, she was not eligible to have her license restored, at the very earliest, until May 18, 2016, and she received the notice of suspension for the fourth DUI on July 26, 2016. *See* section 1541(a), 1541(a.1.) of

6

the Vehicle Code, 75 Pa.C.S. §1541(a) (stating that the period of suspension of the operating privilege shall commence when the licensee surrenders his or her license); 1541(a.1) ("Credit toward serving the period of suspension or revocation . . . shall not commence until the date of the person's release from prison."). As such, 69 days, or approximately two months and eight days, had elapsed from the date of restoration eligibility to the date that Licensee received notice of the suspension for the fourth DUI. In *Currie*, the elapsed time was three months. Therefore, pursuant to *Currie*, we conclude that Licensee was not prejudiced by the delay.

Moreover, "[p]rejudice is established when a licensee shows that she, believing her privileges were no longer impaired, changed her circumstances to her detriment." *Terraciano v. Department of Transportation, Bureau of Driver Licensing*, 753 A.2d 233, 237 (Pa. 2000). The record does not indicate that Licensee was misled into believing that her operating privilege would be restored on a certain date. Under our case law, prejudice only occurs when a licensee, while possessing a driver's license, has changed jobs to a position that requires driving as part of the new job's duties, or engages in some other detrimental measure, "only later to have [her] operating privilege impaired after a long delay." *Cesare v. Department of Transportation, Bureau of Driver Licensing*, 16 A.3d 545, 549 (Pa. Cmwlth. 2011). Such is not the case here. Licensee's operating privilege had not been restored at the time she received the notice of suspension for the fourth DUI. (S.R.R. 24b-25b.) Consequently, the financial payments that she made in connection with her vehicle while her operating privilege was suspended cannot be considered conduct that can satisfy the prejudice prong. Additionally, when Licensee tendered the payments, the suspension for the fourth DUI remained outstanding, and Licensee had no legitimate reason to believe that a suspension would not be imposed if or when her operating

7

privilege was restored for the third DUI. *Cf. Nelson*, 578 A.2d at 589 (concluding when a licensee changed his circumstances, but knew that "he was subject to an additional suspension," the licensee's "actions in the face of that knowledge [were] the source of his problem and not [the] delay"); *see also Commonwealth v. McBryde*, 909 A.2d 835, 838 (Pa. Super. 2006) (reiterating the "well-known legal maxim that everyone is presumed to know the law" and stating that "ignorance of the law is no excuse"). Therefore, we conclude that the trial court did not err in denying Licensee's appeal.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chrystyna M. Fenchen,　　　　　　　　:
　　　　　　　Appellant　　　　　　　:
　　　　　　　　　　　　　　　　　　:　No. 1232 C.D. 2017
　　　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
Commonwealth of Pennsylvania,　　　　:
Department of Transportation,　　　　　:
Bureau of Driver Licensing　　　　　　:

## ***ORDER***

AND NOW, this 13th day of February, 2019, the August 15, 2017 order of the Court of Common Pleas of Northampton County is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge