# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Richard Eikey          :
                                   :
           v.                 :  No. 1452 C.D. 2019
                                   :  Submitted: August 7, 2020
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing,     :
                                   :
                Appellant   :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE MICHAEL H. WOJCIK, Judge
                   HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                         FILED: April 13, 2021


The Department of Transportation, Bureau of Driver Licensing (Department), appeals the order of the Allegheny County Court of Common Pleas (trial court) sustaining the appeal of William Richard Eikey (Eikey) from the Department's two-year suspension of his operating privilege pursuant to former Section 1532(c) of the Vehicle Code, 75 Pa. C.S. §1532(c) (regarding mandatory suspension). Upon review, we affirm.

By notice mailed July 31, 2018, the Department notified Eikey that it had suspended his driving privilege for two years as a result of his March 4, 2018 conviction for violating Section 13(a)(16) of The Controlled Substance, Drug,

Device and Cosmetic Act (Drug Act).[1]  Certified Record (C.R.) at 4-6.  The Department based the suspension notice on Section 1532(c) of the Vehicle Code in effect at that time, which provided:

> (c) Suspension.--The department shall suspend the operating privilege of *any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding out for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state, or* any person 21 years of age or younger upon receiving a certified record of the person's conviction or adjudication of delinquency under 18 Pa C.S. §2706 (relating to terroristic threats) committed on any school property, including any public school grounds, during any school-sponsored activity or on any conveyance providing transportation to a school entity or school-sponsored activity.

*Former* 75 Pa. C.S. §1532(c) (emphasis added).  In October 2018, the General Assembly deleted the above-italicized language from Section 1532(c), effective April 22, 2019, pursuant to the Act of October 24, 2018, P.L. 659, No. 95 (Act 95).

---

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(16).  Section 13(a)(16) of the Drug Act provides:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> * * *
>
> (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

Eikey appealed the Department's notice to the trial court. Following a *de novo* hearing, on September 26, 2019, the trial court issued an order sustaining the appeal. C.R. at 24. The Department then appealed the trial court's order to this Court. On appeal, the Department argues that current Section 1532(c) should not be retroactively applied to the license suspension that was imposed in this case.[2]

Our recent opinion in *Ganoe v. Department of Transportation, Bureau of Driver Licensing*, ___ A.3d ___ (Pa. Cmwlth., No. 648 C.D. 2019, filed March 2, 2021), controls our disposition of this matter. In *Ganoe*, the licensee was convicted of violating Section 13(a)(30) of the Drug Act[3] in 2018, when the former version of Section 1532(c) was in effect. *Id.* The licensee appealed his suspension, and a hearing was held two days after the amended version of Section 1532(c) became effective. *Id.*

This Court found that the General Assembly intended Section 4 of Act 95 to end the sanctioning of a drug conviction with a license suspension on April 22, 2019. *Ganoe*, ___ A.3d at ___, slip op. at 11. This Court noted that if the General Assembly wished to apply former Section 1532(c) to licensees with drug convictions that occurred prior to April 22, 2019, it possessed the ability to do so. *Id.*[4] We held

---

[2] Our scope of review in an appeal from the Department's suspension of a licensee's operating privilege under Section 1532(c) is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether the trial court committed an error of law, or whether the trial court committed a manifest abuse of discretion. *Nelson v. Department of Transportation, Bureau of Driver Licensing*, 578 A.2d 586, 588 (Pa. Cmwlth. 1990).

[3] 35 P.S. §780-113(a)(30).

[4] Specifically, we explained that

> the legislature did not keep the operative language in former Section
> 1532(c) alive beyond 180 days, and the legislature knows how to do

**(Footnote continued on next page…)**

3

that a court must enforce the law as it exists on the day that it renders a judgment. *Id.*, at \_\_\_, slip op. at 15. In *Ganoe*, on the day that the trial court entered judgment in the licensee's appeal, the Vehicle Code no longer required the sanctioning of a licensee convicted of violating Section 13(a)(30) of the Drug Act with a suspension of his operating privilege. *See id.* ("The effective date of Act [95] does not refer to the date of the licensee's conviction or sentencing; it contains no qualifying language at all. At the time the trial court decided [the l]icensee's appeal, April 24, 2019, Section 1532(c) of the Vehicle Code did not authorize a suspension for a drug conviction.").

Likewise, in the instant case, the amended version of Section 1532(c), as modified by Act 95, is applicable to Eikey's license suspension. Eikey appealed the Department's notice to the trial court, and a hearing was held on July 18, 2019, nearly three months after the effective date of the amended version of Section 1532(c), and the order underlying the instant appeal was issued on September 26, 2019, over five months after the effective date. Under the amended version of Section 1532(c), Eikey is not subject to a suspension of his operating privilege based on his conviction for violating Section 13(a)(16) of the Drug Act.

Accordingly, we affirm the trial court's order.

_____
MICHAEL H. WOJCIK, Judge

---

this. For example, its [2014] amendment to Section 3806(b) of the Vehicle Code[, 75 Pa. C.S. §3806(b),] stated that the amendment would "*apply to persons sentenced on or after the effective date of this section.*" . . . The legislature could have extended the life of former Section 1532(c) beyond April 22, 2019, in this fashion, but it did not do so.

*Ganoe*, \_\_\_ A.3d at \_\_\_, slip op. at 10-11 (citation omitted and emphasis in the original).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Richard Eikey      :
     :
         v.      : No. 1452 C.D. 2019
     :
Commonwealth of Pennsylvania,      :
Department of Transportation,      :
Bureau of Driver Licensing,      :
     :
         Appellant      :

# **O R D E R**

AND NOW, this 13th day of April, 2021, the order of the Allegheny County Court of Common Pleas dated September 26, 2019, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge