IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amir Parker,                                          :
                                                     :
                            Appellant                :
                                                     :
              v.                                     : No. 891 C.D. 2019
                                                     : Submitted: June 19, 2020
Commonwealth of Pennsylvania,                        :
Department of Transportation,                        :
Bureau of Driver Licensing                           :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  April 13, 2021


          Amir Parker (Parker) appeals an order of the Philadelphia County Court
of Common Pleas (trial court), denying his license suspension appeal from the
Department of Transportation, Bureau of Driver Licensing's (Department) six-
month suspension of his operating privilege pursuant to former Section 1532(c) of
the Vehicle Code, 75 Pa. C.S. §1532(c) (regarding mandatory suspension).  Upon
review, we reverse.

          By notice mailed March 23, 2016, the Department notified Parker that
it had suspended his driving privilege for six months as a result of his March 15,

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Brobson
became President Judge.

2016 conviction for violating Section 13(a)(31) of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[2]  Certified Record (C.R.) at 40-44.  The Department based the suspension notice on Section 1532(c) of the Vehicle Code in effect at that time, which provided:

> (c) Suspension. – The department shall suspend the operating privilege of *any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding out for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state, or* any person 21 years of age or younger upon receiving a certified record of the person's conviction or adjudication of delinquency under 18 Pa C.S. §2706 (relating to terroristic threats) committed on any school property, including any public school grounds, during any school-sponsored activity or on any conveyance providing transportation to a school entity or school-sponsored activity.

---

[2] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(31).  Section 13(a)(31) of the Drug Act provides:

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> * * *
>
> (31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale.
>
> For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.

2

*Former* 75 Pa. C.S. §1532(c) (emphasis added). In October 2018, the General Assembly deleted the above-italicized language from Section 1532(c), effective April 22, 2019, pursuant to the Act of October 24, 2018, P.L. 659, No. 95 (Act 95).

Parker appealed the Department's notice to the trial court.[3] On April 26, 2019, the trial court conducted a *de novo* hearing and issued an order denying the appeal. C.R. at 20-31. Parker appealed the trial court's order to this Court.[4] On appeal, Parker argues that current Section 1532(c) should be retroactively applied to his license suspension because it is purely procedural in nature.

Our recent opinion in *Ganoe v. Pennsylvania Department of Transportation*, ___ A.3d ___ (Pa. Cmwlth., No. 648 C.D. 2019, filed March 2, 2021), controls our disposition of this matter. In *Ganoe*, the licensee was convicted in 2018 of violating Section 13(a)(30) of the Drug Act, 35 P.S. §780-113(a)(30), when former version of Section 1532(c) was in effect. *Id.* The licensee appealed his suspension, and a hearing was held two days after the current version of Section 1532(c) became effective. *Id.*

This Court found that the General Assembly intended Section 4 of Act 95 to end the sanctioning of a drug conviction with a license suspension on April 22, 2019. *Ganoe*, ___ A.3d at ___, slip op. at 11. This Court noted that if the General Assembly wished to apply former Section 1532(c) to licensees with drug convictions

---

[3] Parker's appeal to the trial court was granted *nunc pro tunc*. C.R. at 10-11.

[4] By September 19, 2019 order, this Court determined that Parker timely filed his appeal to this Court on May 13, 2019. Our scope of review in an appeal from the Department's suspension of a licensee's driving privilege under Section 1532(c) is limited to determining whether the trial court's findings of fact are supported by competent evidence, whether the trial court committed an error of law, or whether the trial court committed a manifest abuse of discretion. *Nelson v. Department of Transportation, Bureau of Driver Licensing*, 578 A.2d 586, 588 (Pa. Cmwlth. 1990).

that occurred prior to April 22, 2019, it possessed the ability to do so. *Id.*[5] We held that a court must enforce the law as it exists on the day that it renders a judgment. *Id.*, ___ A.3d at ___, slip op. at 15. In *Ganoe*, on the day that the trial court entered judgment in the licensee's appeal, the Vehicle Code no longer required the sanctioning of a licensee convicted of violating Section 13(a)(30) of the Drug Act with a suspension of his operating privilege. *See id.* ("The effective date of Act [95] does not refer to the date of the licensee's conviction or sentencing; it contains no qualifying language at all. At the time the trial court decided [the l]icensee's appeal, April 24, 2019, Section 1532(c) of the Vehicle Code did not authorize a suspension for a drug conviction.").

Likewise, in the instant case, Section 1532(c), as modified by Act 95, is applicable to Parker's license suspension. Parker appealed the Department's notice to the trial court, and a hearing was held and the trial court issued the order underlying this appeal on April 26, 2019, four days after the effective date of the amended version of Section 1532(c). Under the current version of Section 1532(c), Parker is not subject to a suspension of his operating privilege based on his conviction for violating Section 13(a)(31) of the Drug Act.

---

[5] Specifically, we explained that

> the legislature did not keep the operative language in former Section 1532(c) alive beyond 180 days, and the legislature knows how to do this. For example, its [2014] amendment to Section 3806(b) of the Vehicle Code[, 75 Pa. C.S. §3806(b),] stated that the amendment would "*apply to persons sentenced on or after the effective date of this section.*" . . . The legislature could have extended the life of former Section 1532(c) beyond April 22, 2019, in this fashion, but it did not do so.

*Ganoe*, ___ A.3d at ___, slip op. at 10-11 (citation omitted and emphasis in the original).

Accordingly, we reverse the trial court's order and direct the Department to reinstate Parker's operating privilege.

_____

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Amir Parker,                                    :
                                                :
                    Appellant                   :
                                                :
            v.                                  :  No. 891 C.D. 2019
                                                :
Commonwealth of Pennsylvania,                   :
Department of Transportation,                   :
Bureau of Driver Licensing                      :

# **O R D E R**

AND NOW, this 13th day of April, 2021, the April 26, 2019 order of the Philadelphia County Court of Common Pleas is REVERSED, and the Department of Transportation, Bureau of Driver Licensing is directed to reinstate Amir Parker's operating privilege.

_____
MICHAEL H. WOJCIK, Judge